IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES EARL MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:11-cv-03704-WMA-JEO |
| ) | |
| WALMART STORES EAST, LP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report on May 23, 2012, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed without prejudice for failing to state a claim upon which relief can be granted, in accordance with 28 U.S.C. § 1915A(b)(1). (Doc. #13). The magistrate judge found that the plaintiff had failed to allege facts which show that any of the defendants acted under color of state law. Additionally, the magistrate concluded that the plaintiff's claims were barred by the statute of limitations applicable to § 1983 claims.

The plaintiff filed objections to the report and recommendation on July 11, 2012. (Doc. #15). In his objections, he argues that the defendants acted in concert with state actors to fabricate evidence and falsify police reports in order to justify an otherwise unlawful arrest. However, this contention is not supported by sufficient factual allegations to state a claim. Although conspiracy to violate another person's constitutional rights is actionable under § 1983, the "naked assertion" of conspiracy without "supporting operative facts" is not

sufficient to state a claim. *See Phillips v. Mashburn*, 746 F.2d 782 (11th Cir. 1984). It is well settled that allegations of conspiracy must be specific and based upon facts rather than conclusions, and that vague or general claims of conspiracy will not suffice. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). These tenets are bolstered by the recent Supreme Court decision in *Ashcroft v. Iqbal*, which holds that a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." 129 S.Ct. at 1949. The Court in *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the allegations made by the plaintiff must nudge the claim "across the line from conceivable to plausible." *Id.* at 19152; *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this instance, the plaintiff's complaint does not meet the requirements to assert a valid claim of conspiracy against the defendants. His bare statement that an agreement was reached between the defendants and members of law enforcement to unlawfully arrest and imprison him fall far short of the specific factual content required to assert a civil rights claim under § 1983. Under his complaint as presently pled, the court cannot reasonably infer that the defendants conspired with state actors to violate his civil rights. While it is conceivable store personnel and police officers could conspire to violate another's civil rights, the plaintiff has failed to include enough specific facts in his complaint to show that his claim in this instance is plausible.

The plaintiff attacks the statute of limitations issue on two fronts. First, he contends that the statute of limitations applicable to his claims is the six-year statute of limitations found at Alabama Code § 6-2-34. This contention is wholly without merit. In the report and recommendation, the magistrate properly stated the law with respect to the statute of limitations applicable to § 1983 claims. In this instance, the plaintiff's claims arise from an alleged violation of his civil rights occurring in November of 2007. The plaintiff's October 21, 2011, complaint was therefore filed outside the two year limitation period as explained in the report and recommendation.

Secondly, the plaintiff argues that the statute of limitations for this action was tolled during the pendency of an action he filed against Walmart in the Morgan County Circuit Court, which was based, ostensibly, upon the same claims asserted here. This argument fails for two reasons. To begin with, because 28 U.S.C. § 1738 requires this court to give full faith and credit to the decisions of the state court, any attempt by the plaintiff to re-litigate his claims in this court would be precluded by the doctrines of *res judicata* or *collateral estoppel*. *See San Remo Hotel, L.P. v. City and County of San Francisco California*, 545 U.S. 323 (2005). Therefore, to the extent the plaintiff voluntarily elected to assert his federal claims in the state court, and those claims were preclusively adjudicated by the state court, he may not now seek to re-assert those claims in this court for the sole reason that he is unhappy with the outcome of the state court proceedings. Only to the extent that the plaintiff notified the state court that he was reserving his federal claims for federal court may he then proceed with those claims in this court. *England v. Louisiana Bd. of Medical Examiners*, 375

U.S. 411 (1964). The plaintiff makes no showing that he asserted such a reservation in the Morgan County action. More importantly, the plaintiff states in the complaint that the Morgan County case was dismissed on August 4, 2009; more than two years prior to the October 21, 2011, complaint in this action. Therefore, even if the statute of limitations on the plaintiff's federal claims was somehow tolled during the pendency of the state court proceedings, he failed to file this action within the two year statute of limitation period after dismissal of the state case.

Finally, the plaintiff's reliance on *Heck v. Humphrey*, 512 U.S. 477, is misplaced. Under *Heck*, any claim for damages under § 1983 based upon an alleged unconstitutional conviction or imprisonment is not ripe until such time as "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Therefore, to the extent the plaintiff's claims in this action would necessarily imply the invalidity of his conviction, those claims would not be ripe and the statute of limitations would not have expired. However, the plaintiff would not be permitted to pursue his claims in that regard until such time as his conviction was overturned in one of the ways described above. Having failed to make such a showing, any claims that would imply the invalidity of his conviction are premature and due to be dismissed.

With regard to the *Heck* issue, the plaintiff argues that he is "not challenging the validity of his convictions or sentences," but has merely "raised the claim of an unlawful

arrest and seizure of his person by the defendants." (Doc. #15, p. 14).  To that extent, the tolling provisions of *Heck* would probably not apply.[1]  However, without the tolling provisions of *Heck*, the plaintiff's statute of limitations period has expired.  Therefore, under either *Heck* scenario, the plaintiff's claims in this action are either stayed because he has not shown that his conviction has been overturned, or the statute of limitations has expired because the tolling provisions are not applicable.  In either event, the complaint fails to state a claim and is due to be dismissed, pursuant to 28 U.S.C. 1915A(b)(1).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.  This action is therefore due to be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  A Final Judgment will be entered.

DATED this 26th day of September, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] As the magistrate judge correctly pointed out, Fourth Amendment search and seizure claims do not necessarily invoke *Heck* because an illegal search or seizure "may still be followed by a valid conviction." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).